Court of Chancery. New Castle. April 10, 1821.

*Ridgely's Notebook III, 291.*

## ANN JETTON v. EDWARD WILSON'S ADMINISTRATOR.

Court of Chancery. New Castle. April 17, 1821.

*Ridgely's Notebook III, 301.*

*George Read, Jr.,* for complainant. *James Booth, Jr.,* for defendant.

*Mr. Read* reads the bill. Thomas Rothwell by a writing intended to be a will bequeathed to his "sisters Ann and Hester the sum of twenty pounds to each of them to be paid annually during the term of their natural lives." Rothwell died soon after. Edward Wilson married Lydia, the daughter and sole heir of Rothwell. He, intending fraudulently to defeat the legatees. and devisees, promised complainant that if she would not put herself to trouble about the probate of the will, he would pay and secure to complainant the annuity of £20 during her life. She took no part about the probate. Wilson entered a *caveat* against the probate of the will. Will was adjudged not to be valid and letters of administration were granted to Wilson. Wilson promised to pay. Wilson died intestate. Letters of administration on Wilson's estate granted to Richard Lockwood, defendant. Wilson and his administrator, R. Lockwood, never paid the annuity. In this paper purporting to be a will, strangers to the family were named executors.

*Mr. Booth* reads the answer. The defendant R. Lockwood, the administrator, admitted the writing and that it was adjudged not to be valid. But he denies that, to his knowledge or belief, Edward Wilson ever promised the plaintiff to pay her the annuity. And he believes, if she desisted from endeavoring to obtain the probate of said will, that it was because she was conscious that it was void. Defendant never heard of the claim in Wilson's life. The will was opposed because Rothwell was not of sound mind. Barred of her claim by the Act of Limitations. Personal property not sufficient to pay Wilson's just debts. Fully administered.

*Mr. Read* reads the depositions of witnesses for complainant: Alrich R. Pennington, 35 years; Alrichs Ryland, 50 years old; Hester Evans, 66, sister of Thomas Rothwell; Rachel Rothwell, 64 years; Mary Eliason, 40 years; Isaac Woods, 53 years; Thomas Alexander Armstrong, 46 years.

*Mr. Booth, Jr.,* reads depositions for defendant: Lydia Whitby, 46 years, daughter of Thomas Rothwell, widow of Edward Wilson; Susan Crouch, 40 years.

*Mr. Read* exhibits paper purporting to be will of Thomas Rothwell. Record of suit *Hester Evans v. Richard Lockwood, Administrator of Edward Wilson.* Reference. Report. December, 1818, sum awarded $497.26.

*Mr. Booth.* August 11, 1817, inventory and appraisement of Edward Wilson's personal estate, $2779.77. June 8, 1818, administration account of Edward Wilson passed by his administrator, Richard Lockwood. Balance in hands of administrator $54.33. June 29, 1820, further administration account. Balance due to administrator $1146.26, with interest from January 1, 1820. Trial December 18, 1807, record of trial of feigned issue sent by Register to Court of Common Pleas to try the validity of the will of Thomas Rothwell. Jury found Thomas Rothwell was not of sound mind when he executed his will. Defendant relies, first, that no annuity was granted. Annuity [is an] incorporeal hereditament. Annuity cannot be created but by deed. Wilson's estate cannot then be called on. Only contract for payment of money, and party has remedy at law. Second, Act of Limitation is a bar. Third, defendant has fully administered, and no decree can be passed against him. And the land should not be affected, because the heirs are not parties. Fourth, no consideration. Court of law could not take notice of this contract, *nudum pactum.* Party has not made out that Wilson agreed to pay her if she would not undertake to support will. No mutuality. After trial some talk of his paying her or doing something; but then the will was annulled, and no consideration.

*Mr. Read* for plaintiff. This [is] matter of fact. First, as to annuity. Defendant admits not annuity, but assumption if anything. Second, reasons for court of chancery: (1) bill alleges fraud, inducing her to withdraw her countenance or support from will; (2) that limitation might avail in another court, this ground for relief; (3) this [is a] bill for discovery (by compelling Wilson or his administrator to show this matter); (4) testimony (Woods) takes case out of Act of Limitation, slight acknowledgment; (5) proper parties may be made at any time,

but decree is founded on personal assumption and administrator only party (like a debt or judgment in another case which binds though heirs not party). Sufficient consideration; bill and testimony prove sufficient consideration. Wilson greatly interested to get management of property. He knew he would be strengthened if he could silence the plaintiff. He, before issue was tried, induced Ann Jetton that she had no reason to assert her rights under this will. This [was] good consideration.

[THE CHANCELLOR.] This agreement, if it were proved in the most satisfactory manner, would be an agreement without consideration; and being so the law affords no means of compelling a performance. Wilson derived no advantage from the forbearance of the plaintiff to insist on, or aid in, obtaining the probate, for the will was void; it was the will of an insane man, and was so adjudged. And if the plaintiff could not have obtained its probate, as she certainly could not, the testator not being of sound mind at the time of its execution, it is manifest that Wilson was not benefited by her forbearance to prosecute the probate, and consequently that no consideration arose for the promise.

NOTE. [Citations on the problem of consideration:] 2 Bro. C.C. 140, *Robertson v. St. Johns;* 7 Term 350 in note, *Rank v. Hughes;* 3 Atk. 539; Amb. 67; 1 Ves.Sr. 123; 4 Ves.Jr. 10; 3 Ves. Jr. 152; Amb. 330. See 2 P.Wms. 282, 266, 3 P.Wms. 279, 2 Ves. Jr. 238. . . .